IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROGER LEE DINGESS and
REBECCA DINGESS,

            Plaintiffs,

v.                              CIVIL ACTION NO. 3:08-1196

MILDRED L. HUMPHREY and
ANTHONY M. FULKS, and
PROGRESSIVE CASUALTY INS. CO. and
THE UNITED STATES POSTAL SERVICE,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Defendant Anthony M. Fulks' Motion to Dismiss (Doc 9), and Defendant Anthony M. Fulks' Motion to Dismiss the Cross-claim of Mildred L. Humphrey (Doc. 13). Because the Court finds it cannot exercise personal jurisdiction over Mr. Fulks, both motions are **GRANTED**[1].

**Background**

Plaintiff Roger Dingess suffered injury when Defendant Mildred Humphrey drove her car through the outside wall of a post office building in Proctorville, Ohio. Mr. Dingess and his wife made claims not only against Ms. Humphrey, for negligently driving into the post office, but also against the U.S. Postal Service and Anthony Fulks, the owner of the building. Plaintiffs' legal

---

[1] The Court notes that Ms. Humphrey did not submit a response to Mr. Fulks' motion to dismiss her cross claim for lack of jurisdiction. The time allotted for a response under Local Rule 7.1 is well past. Because the arguments made against Ms. Humphrey are identical to those made against the Plaintiffs the Court addresses both of Defendant Fulks' motions within this Order.

theory against Mr. Fulks is that he "negligently built, constructed and/or designed said building so as to fail to protect business invitees from injury such as the one suffered by Plaintiff, Roger Lee Dingess." Pls'. Compl. at ¶ 9 (Doc. 1). In her answer to Plaintiffs' complaint, Ms. Humphrey asserted a cross-claim, stating "[t]he injuries and damages alleged by Plaintiff were proximately caused by the sole or combined negligence of Defendants, Anthony Fulks and/or the United States Post Office. Answer of Defendant Mildred L. Humprhey and Cross Claim Against Co-Defendants with Jury Demand at ¶ 10 (Doc. 11).

Mr. Fulks filed his motions to dismiss arguing that he does not have enough contact with West Virginia to fall within this state's jurisdiction. Although, Proctorville is near the Ohio/West Virginia border, it is firmly within the state of Ohio. Mr. Fulks lives in Ohio. The post office building at the center of this lawsuit is in Ohio. Mr. Fulks filed an affidavit, in which he avers the following: 1) he does not transact business in West Virginia (other than personal business such as shopping and entertainment); 2) he does not advertise or contract to supply services or materials in West Virginia; 3) he does not derive any revenue from goods or services rendered in West Virginia; 4) he does have a partial interest (through inheritance) in real property located in Wayne County West Virginia, but he does not derive revenue or income from this property. Aff. of Anthony M.Fulks, Ex. 1 Doc. 9; Ex. 1 Doc. 13.

Plaintiffs argue that this Court does have jurisdiction over Mr. Fulks because of his close proximity to the federal courthouse in Huntington, West Virginia. Plaintiffs point out that Mr. Fulks would have to drive nearly two hours to reach the nearest federal courthouse in Ohio (in either Cincinnati or Columbus), while the Huntington courthouse is within minutes of his home.

**Analysis**

When a district court addresses a motion to dismiss for lack of personal jurisdiction on the basis of motion papers and supporting memoranda, "the burden on the plaintiff is to simply make a prima facie showing of sufficient evidence to survive the jurisdictional challenge." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (quoting *Combes v. Bakker*, 886 F.2d 673 (4th Cir. 1989)). "Under such circumstances courts 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences in favor of the existence of jurisdiction.'" *Id.* (quoting *Combs*, 886 F.2d at 676).

A federal district court exercises personal jurisdiction in the same manner and to the same extent as provided by the law of the state in which it sits. *ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). A two step inquiry is typically required: first, the court should assess the authority granted by its state's long-arm statute; second, the court must ensure that jurisdiction is within the limits of federal due process. *See id.* The Fourth Circuit Court of Appeals has found that West Virginia's long-arm statute "is coextensive with the full reach of due process." *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). Thus, "the statutory inquiry necessarily merges with the Constitutional inquiry." *Id.*

In analyzing whether jurisdiction is consistent with constitutional due process, a court must determine whether the defendant has "sufficient minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For there to be minimum contacts, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the

privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also*, *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-76 (1985).

Personal jurisdiction exists in two forms – specific and general – with different levels of contact required for each. Specific jurisdiction "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." *CFA Institute v. Institute of Chartered Financial Analysts of India*, 551 F.3d 285, 292 n.1 (4th Cir. 2009). Specific jurisdiction may only be asserted, however, when the defendant's contacts with the forum state provide the basis for the suit. *See Saudi v. Northup Grumman Corporation*, 427 F.3d 271, 276 (4th Cir. 2005); *see also*, *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) ("*Helicopteros*"). The present case arises from Defendant Fulks' activities in Ohio, not West Virginia. The Court must analyze contacts based on the more rigorous requirements of general jurisdiction.

If a defendant is subject to general jurisdiction within a state he may be sued there for any reason, regardless of where the relevant conduct occurred. *CFA Institute,* 551 F.3d at 292 n.1; *see also Helicopteros* 466 U.S. at 416. Because of this, the threshold level of minimum contacts necessary to confer general jurisdiction is much higher than the level of contact level for specific jurisdiction. *Id.* General personal jurisdiction requires contacts which are not only directed at the forum state but are also "continuous and systematic." *Saudi* 427 F.3d at 276.

The only contact between Mr. Fulks and the State of West Virginia supported by evidence on the record is his interest in Wayne County real estate. While the presence of property in a state has an impact on the jurisdictional analysis, the presence of even real property does not

automatically confer jurisdiction. *See Base Metal Trading Ltd. v. OSJC "Novokuznetsky Aluminum Factory"* 283 F.3d 208, 213 (4th Cir. 2002). Mr. Fulks does not reside on the West Virginia property. He does not derive income or revenue from that property. He did not even make an active decision to purchase the property, but received by way of inheritance. Based on these facts, and with no other significant contacts with the state, the Court must find that its assertion of personal jurisdiction over Mr. Fulks would not pass constitutional muster.

Plaintiffs cite to the doctrine of *forum non conveniens* as legal support for their theory of convenience. Convenience, however, is best considered under an analysis of venue, s*ee* 28 U.S.C. § 1404(a), and has no bearing on the constitutional analysis required for personal jurisdiction.[2] Venue and jurisdiction are different concepts and must be distinguished. *See* Am. Jur. 2d Venue § 2. Jurisdiction involves the power and authority of the court to act. *Id.* Venue is the place where that power may be exercised. *Id.* "Venue assumes the existence of jurisdiction." *Id.* Because this Court does not have jurisdiction over Mr. Fulks, it is not in a position to analyze issues related to proper venue.

## Conclusion

Plaintiffs and cross-claimant have failed to demonstrate that Defendant Anthony Fulks has minimum contacts with the state of West Virginia sufficient for this Court to exercise personal jurisdiction over him. Consequently, the Court **GRANTS** Defendant's motions to dismiss (Docs.

---

[2]Further, the doctrine of forum *non conveniens* has limited continued applicability in federal courts and is largely confined to situations in which the alternative forum is abroad. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007). In the federal system the doctrine is codified within 28 U.S.C. § 1404(a).

9 and 13). The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

           ENTER:     March 19, 2009

           _____
           ROBERT C. CHAMBERS
           UNITED STATES DISTRICT JUDGE