IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROGER LEE DINGESS and
REBECCA DINGESS,

      Plaintiffs,

v.           CIVIL ACTION NO. 3:08-1196

MILDRED L. HUMPHREY and
PROGRESSIVE CASUALTY INS. CO. and
THE UNITED STATES POSTAL SERVICE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Motion for Summary Judgment (Doc. 43). As explained below, because of Defendant's sovereign immunity, the Court does not have subject matter jurisdiction over this controversy. The Defendant's motion is hereby **GRANTED**.

**Standard of Review**

  A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. Challenges to jurisdiction pursuant to Rule 12(b)(1) fall into two different categories: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir.1986), *rejected on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988). When the defendant asserts a facial attack, as the United States has done here, the defendant contends "that a complaint simply fails to allege facts upon which subject matter

jurisdiction can be based." *Kerns v. U.S.* 585 F.3d 187, 192 (4th Cir. 2009).[1] When subjected to a facial challenge, the plaintiff is afforded the same procedural protection he would receive under Federal Rule of Civil Procedure 12(b)(6). The facts as stated in the complaint are taken as true and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

## Background

This case arises from an unfortunate injury suffered by Plaintiff Roger Lee Dingess, while he was inside the United States Post Office in Proctorville, Ohio. On the morning of February 10, 2006, Mr. Dingess was visiting the Proctorville post office to retrieve mail from his post office box. At the same time, another customer, Mildred Humphrey, was pulling into a parking space outside the building and on the opposite side of the wall from Mr. Dingess. From the facts stated, one can only surmise the Ms. Humphrey stepped heavily on the gas rather than the brake while she attempted to park. She crashed through the brick wall of the post office pinning Mr. Dingess against the row of post office boxes, inside the building, seriously injuring him.

As a result of the accident, both Mr. Dingess and his wife Rebecca filed suit. Defendants Progressive Casualty Insurance and Anthony M. Fulks (the property owner holding the lease to the United States Postal Service) have already been dismissed. The United States and Ms. Humphrey remain. Plaintiffs seek to hold the United States liable based on negligence in preventing an accident which was foreseeable and could have been prevented by the installation of safety devices such as curb guards, tire stops, or poles to stop a vehicle from hitting the building. *See* Pl.'s Comp.

---

[1] Alternatively, factual attack challenges the jurisdictional allegations contained within the complaint. *Kerns*, 585 F.3d at 192. This type of challenge typically necessitates an evidentiary hearing where the court will determine if there are facts to support jurisdiction. *Id.*

(Doc. 1). Plaintiffs also claim that the United States Postal Service was negligent in its placement of post office boxes near the front of the building. *Id*. The United States claims that as sovereign it is immune from this suit.[2]

### Discussion

"As a sovereign, the United States is immune from all suits against it absence an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). The terms of the United States' consent to be sued may not be inferred but rather must be "unequivocally expressed." *U.S. v. White Mountain Apache Tribe,* 537 U.S. 465, 472 (2003) (quoting *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)). Thus, all waivers of immunity are strictly construed in favor of the United States. *Welch,* 409 F.3.d at 650.

Pursuant to the Federal Tort Claims Act, the United States may be liable in tort "in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. This is an explicit waiver, and a rather broad one, but it is tempered by a number of exceptions. *See* 28 U.S.C. § 2680. One of the more commonly invoked exceptions is the one for discretionary functions of the government, found at 28 U.S.C. 2680(a). This provision provides,

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of

---

[2]The Court notes that the United States Postal Service also sought to dismiss Plaintiff Rebecca Dingess's claims on grounds that she did not exhaust her administrative remedies. As the Court has concluded it does not have jurisdiction to entertain claims made against the United States as a result of sovereign immunity, it will not address that defense.

> a federal agency or an employee of the Government, whether or not the discretion involved be abused.

*Id.*

The discretionary function exemption "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *U.S. v. Varig Airlines*, 467 U.S. 797, 808 (1984). Congress implemented the exception "to prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Baum v. United States*, 986 F.2d 716, 719 (4th Cir. 1993) (quoting *Varig Airlines,* 467 U.S. at 814). This exception was one of the steps taken by Congress "to protect the Government from liability that would seriously handicap efficient government operations." *Id.*

Applying the discretionary function exception to the myriad of government activities is not always an easy task. As guidance the Supreme Court has developed a two part test. *See Berkovitz v. U.S.*, 486 U.S. 531 (1998); and *U.S. v. Gaubert*, 499 U.S. 315 (1991). The first inquiry asks whether the governmental action involved "an element of judgment or choice." *Baum*, 986 F.2d at 720 (citing *Berkovitz* 486 U.S. at 536; *Gaubert*, 499 U.S. 315). This requirement of a judgment or choice is not met if a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because in that case "the employee has no rightful option but to adhere to that directive." *Gaubert*, 499 U.S. at 322 (citing *Berkovitz*, 486 U.S. at 536). If the first stage of the test is met, the second inquiry centers on whether the judgment exercised, "is of the kind that the discretionary function exception was designed to shield." *Id.* (citing *Berkovitz*, 486 U.S. at 536). Only those actions "based on considerations of public policy" will be protected. *Baum*, 986 F.2d at 720; *Gaubert*, 499 U.S. at 323; *Berkovitz,* 486 U.S. at 537.

Congress has directed that, "[i]n planning and building new postal facilities, the Postal Service shall emphasize the need for facilities and equipment designed to create desirable working conditions for its officers and employees, a maximum degree of convenience for efficient postal services, proper access to existing and future air and surface transportation facilities, and control of costs to the Postal Service." 39 U.S.C. § 101(g). Defendant argues and Plaintiff does not contest that there are no codes or regulations specifically requiring or directing the use of poles, wheel stops, curb guards or other safety devices which might be used for the purpose of preventing a vehicle from driving through the wall of a Postal Service facility. Likewise, there does not appear to be any directive concerning the placement of post office boxes to promote customer safety. An administrative services handbook exists, but similarly contains no directive for the use of safety devices which might be used to prevent an accident such as the one which occurred here. *See* AS-503, *Standard Design Criteria* (Revised December 2005).

As there is no statute, regulation, or policy, directing the use of safety devices at Postal Service facilities, the first step of the *Bekovitz-Gaubert* test is satisfied. The design and construction of the Proctorville Post Office required the exercise of judgment or discretion on the part of U.S. Postal Service employees.[3] The Court must, therefore, move the second step of the analysis and

---

[3]In an affidavit, Donald L. Mackey, Manager of New Space Management for Eastern Facilities Services, United States Postal Service, explained the process of designing and implementing Postal Service facilities projects. *See* Def.'s Exh. D, Declaration fo Donald L. Mackey. Mackey explains, that this process involves personnel on multiple levels. *Id.* Mangers of small postal facilities, like the one in Proctorville, are responsible for surveying, identifying, and proposing projects according to Postal Service needs. *Id.* After proposal at this level, projects are selected for funding by higher agency supervisors according to Postal Service priorities including the need for operational efficiency, security, economy, safety, and appearance. *Id.*

consider whether or not decisions made during the design and construction of the Proctorville post office were of the type which involved consideration of public policy.

It appears from the statutory language, that Postal Service employees were given specific direction as well as discretion to balance competing public policy considerations in the design and construction in the design and construction of Post Office facilities. The statute lists the following considerations to be taken into account: desirable working conditions, convenience for efficient postal services, access to air transport facilities, and cost. 39 U.S.C. § 101(g). In following their statutory directive, while designing and building the Proctorville Post Office, employees working on behalf of the United States would have had to make choices to balance competing public policy interests. The decision to omit safety devices such as wheel stops, curbs, or poles fits squarely within the public policy consideration of cost. As such, these decisions concerned matters of public policy and were of the type to be protected under the discretionary function exception to the Federal Tort Claims Act. The second prong of the *Berkovitz-Gaubert* test is satisfied. The Court **FINDS** that the discretionary function exception to the Federal Tort Claims Act applies – divesting this Court from jurisdiction over claims against the United States.

The decision of this Court is bolstered by decisions on similar facts by courts around the country. In the Fourth Circuit Court of Appeals decision most synonymous with the facts here at issue, the appellate court determined that the choice of materials used in the construction of parkway guardrails and maintenance choices involving those guardrails were decisions protected by the discretionary function exception. *See Baum v. U.S.* 986 F.2d 716 (4th Cir. 1993). The Eleventh Circuit Court of Appeals determined that facility planning decisions involving security considerations were protected by the discretionary function exception. *See Hughes v. U.S.* 110 F.3d

765 (11th Cir. 1997). On almost identical facts, where customers drove into Post Office buildings and injured patrons inside, the First Circuit Court of Appeals and the Federal District Court for the Northern District of California have each determined that claims were barred by the discretionary function exception. *See Fothergill v. U.S.* 566 F.3d 248 (1st Cir. 2009); *Shrum v. U.S.* 2004 WL 1792617 (N.D. Cal Aug. 10, 2004) (unpublished); *Domingues v. U.S.* 2007 WL 1500832 (N.D. Cal. May 21, 2008) (unpublished). As in those cases, Plaintiff's claims against the United States seek to hold the Government liable for the decisions of agency employees in the design, construction, and maintenance of facilities operated by the United States and used by the public. Where those decisions involve balancing competing public policy considerations – as they do here – the United States is protected from suit by virtue of its sovereign immunity.

## Conclusion

For the reasons explained above, because the United States, as sovereign, is immune from suit, this Court does not have jurisdiction over Defendant United States Postal Service. The Court **GRANTS** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Motion for Summary Judgment (Doc. 43). All claims against the United States Postal Service are hereby **DISMISSED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

           ENTER: December 15, 2009

           ROBERT C. CHAMBERS
           UNITED STATES DISTRICT JUDGE